# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **THE SCOTT FETZER COMPANY,** | CASE NO. 1: 16 CV 1570 |
| Plaintiff, | JUDGE DONALD C. NUGENT |
| v. | |
| **ZURICH AMERICAN INSURANCE COMPANY,** | **MEMORANDUM OPINION AND ORDER** |
| Defendant. | |

This matter comes before the Court upon the Report and Recommendation of Magistrate Judge Thomas M. Parker. The Report and Recommendation (ECF # 51) recommends that the Motion of Defendant Zurich American Insurance Company ("Zurich") for Summary Judgment (ECF #16, #17)) be granted on all claims and that the Motion of Plaintiff, The Scott Fetzer Company ("Scott Fetzer" or "Fetzer"), for Partial Summary Judgment on its First Claim for Declaratory Judgment and Breach of Contract (ECF #18, #19) be denied. Further, Magistrate Judge Parker recommends that if the Court adopts the recommendations above, Plaintiff's Motion to Lift Stay of Bad Faith Claim (ECF #32) should necessarily be denied. Scott Fetzer has filed an Objection to the Report and Recommendation and Zurich has filed a Response to Fetzer's Objection. For the reasons set forth below, the Report and Recommendation is of Magistrate Judge Thomas is adopted.

### Procedural and Factual Background

Scott Fetzer filed this action against its insurer Zurich in the Court of Common Pleas for Cuyahoga County asserting claims for Declaratory Judgment and Breach of Contract (Count 1) and bad faith (Count 2). Zurich removed the action to this Court pursuant to 28 U.S.C. § 1441

and § 1332 because complete diversity exists between the parties.

Scott Fetzer is an insured under two policies providing general liability insurance issued by Zurich. The first was policy no. GLO8979229-09 for the period of January 1, 2012 to January 1, 2013. The second was policy no. GLO8979229-10 for the period of January 1, 2013 to January 1, 2014. All material terms of the Policies are identical.

In 2015, three women, Kristl Thompson, Ashley Raby, and Corbie Leslie, filed suit in Missouri state court alleging that they had been sexually harassed and assaulted by a co-worker, John Fields, while selling Kirby vacuums door to door for Fetzer.[1] The plaintiffs asserted three claims against the Scott Fetzer defendants. The first claim for fraudulent misrepresentation asserted that Scott Fetzer was vicariously liable for Field's false promises in inducing the Plaintiffs to work with him. The second claim, for fraudulent concealment, asserted theories of direct and vicarious liability. The direct liability allegations stated that the Fetzer Defendants failed to inform the Plaintiffs of Mr. Field's criminal history, his sexually deviant propensities, his sexually deviant activities with other Kirby employees, and that he was forbidden from selling vacuums door-to-door without supervision because he was a sex offender. The third claim, negligence, asserted that Scott Fetzer negligently hired, retained and supervised Mr. Field. Each Plaintiff asserted that the injuries alleged in the complaint were the direct and proximate result of the Scott Fetzer Defendants. Zurich accepted coverage under the policies for the Missouri case which was captioned *Kristl Thompson, et al., v. The Scott Fetzer Company d/b/a The Kirby Company, et al.*, Case No. 1316 CV26862 in the Circuit Court of Jackson

---

[1] Fetzer operates and does business as The Kirby Company manufacturing vacuum systems for home use. The Kirby vacuumes are sold exclusively door to door through a network of independent distributors and dealers.

County, Missouri at Independence. Ultimately, Scott Fetzer and Zurich settled the claims asserted in the Missouri lawsuit. Other than the settlement amounts to be paid, the three settlement agreements, filed under seal, were basically the same. One settlement amount reached with one of the Missouri Plaintiffs reached or exceeded the deductible amount set forth in the policies and Zurich paid a portion of that settlement. Zurich did not reimburse Scott Fetzer for the amounts paid in settlement to the other two Missouri Plaintiffs because it applied new deductibles, treating each Plaintiff's claim as a separate "occurrence."

Thereafter, Scott Fetzer filed the instant action. Scott Fetzer claims that Zurich breached the Policies by applying three deductibles instead of one deductible to the settlements reached with the Missouri Plaintiffs. As a result of this alleged breach, Fetzer asserts that it has been damaged in the sum of two of the settlements, plus interest. Fetzer's second claim is for bad faith. The bad faith claim was bifurcated and discovery on that claim was stayed pending resolution of the first claim. Both Zurich and Scott Fetzer moved for summary judgment–Zurich seeking summary judgment on both claims and Fetzer seeking summary judgment on Count 1. The summary judgment motions were referred to Magistrate Judge Parker for a Report and Recommendation.

**Standard of Review for a Magistrate Judge's Report and Recommendation**

The applicable district court standard of review for a magistrate's report and recommendation depends upon whether objections were made to that report. When objections are made to a report and recommendation of a magistrate judge, the district court reviews the case de novo. FED. R. CIV. P. 72(b) provides this standard of review. It states, in pertinent part, the following:

3

> The district judge to whom the case is assigned shall make a de
> novo determination upon the record, or after additional evidence,
> of any portion of the magistrate judge's disposition to which
> specific written objection has been made in accordance with this
> rule. The district judge may accept, reject, or modify the
> recommended decision, receive further evidence, or recommit the
> matter to the magistrate judge with instructions.

Accordingly, this Court will review the Report and Recommendation, to which timely objections have been filed, *de novo*. *See Dacas Nursing Support Sys., Inc. v. NLRB*, 7 F.3d 511 (6th Cir. 1993).

**Analysis**

The parties agreed that this case presents a single issue–how many occurrences, and therefor how many deductibles, were involved in the Missouri lawsuit and the three settlements. Scott Fetzer argued that the Missouri lawsuit and settlements involved one occurrence–the purported negligence of Scott Fetzer in connection with the hiring, retention, and supervision of Mr. Fields. Thus, Fetzer was only required to pay one deductible. Zurich contends that the Missouri lawsuit involved three occurrences because the claims involved different persons, locations, situations and policy years. As such, Zurich contends that Fetzer was required to pay three deductibles.

The Policies at issue define the term "occurrence" to mean "an accident, including continuous or repeated exposure to substantially the same general harmful conditions." The deductible endorsement defines "occurrence" as follows:

> For any coverage described in the Schedule to which the each
> "occurrence" basis applies, to all sums payable for other than
> "ALAE" as the result of an accident, including continuous or
> repeated exposure to substantially the same harmful conditions,
> regardless of the number of persons or organizations who sustain
> damages or to whom sums are payable because of that

4

"occurrence."

In his well researched and written Report, Magistrate Judge Parker answered two questions–what constitutes an "occurrence" and how many "occurrences" under the Policies were involved here.

In defining "occurrence," Magistrate Judge Parker followed a line of cases in which courts have held that "[w]hen a liability insurance policy defines an 'occurrence' as an 'accident,' a negligent act committed by an insured that is predicated on the commission of an intentional tort by another person, e.g., negligent hiring or negligent supervision, qualifies as an 'occurrence.'" *Safeco Ins. Co. of Am. v. White*, 122 Ohio St.3d 562, 2009 Ohio 3718, 913 N.E.2d 426, paragraph one of syllabus. Thus, Magistrate Judge Parker found that the intentional torts that the Missouri Plaintiffs allege that Fields committed against them resulted from Fetzer's negligence, and thus, were accidental when considered from Fetzer's viewpoint. Consequently, Magistrate Judge Parker determined that the "occurrence(s)" at issue under the Policies here are the negligent acts of Fetzer alleged in the Complaint in the underlying Missouri lawsuit. There were no objections to this determination.

While Fetzer argued in its briefing on the summary judgment motions, and again in its Objection to the Report and Recommendation, that the Missouri lawsuit and settlements represent a single "occurrence" of purported negligence of Scott Fetzer in connection with the hiring, retention, and supervision of Fields, Magistrate Judge Parker found that there was no single "occurrence" that was the proximate cause of all of the Missouri Plaintiffs' injuries. Rather, Magistrate Judge Parker correctly determined that the claims in the

underlying Missouri Complaint show that the negligence of Fetzer with respect to each Plaintiff constitutes three separate occurrences under the Policies. Clearly, the Missouri Plaintiffs' Complaint alleged more than one negligent act attributed to Fetzer.– each Missouri Plaintiff alleged that Fetzer was negligent in supervising Fields' conduct regarding each separate Missouri Plaintiff. The Missouri Plaintiffs' contended that because of Fetzer's acts of negligence, each Missouri Plaintiff was assaulted under different circumstances, at different locations, at different times, and sometimes in different policy years. As the Seventh Circuit stated in *Lee v. Interstate Fire & Cas. Co.*, when declining to hold that a Roman Catholic diocese's negligent supervision of a priest was one occurrence, " negligent supervision is not invariably one "occurrence,"... the same *kind* of negligent act can occur several times with separate injuries, producing several occurrences." 86 F.3d 101, 104-05 (7th Cir. 1996).

## Conclusion

Based upon a *de novo* review of the motions and all related filings, the Report and Recommendation, Fetzer's Objection and Zurich's Response, it is clear that Magistrate Judge Parker's findings are consistent with the language of the Policies at issue and with applicable law. Fetzer's Objection does not offer any argument that was not fully addressed by Magistrate Judge Thomas. As such, the Report and Recommendation is adopted. Zurich's Motion for Summary Judgment (ECF #16, #17) is granted and Fetzer's Motion for Partial Summary Judgment (ECF #18, #19) is denied. Moreover, because it has been determined that Zurich correctly assessed three deductibles, Fetzer's Motion to Lift Stay of Bad Faith Claim (ECF #32) is denied. This action is terminated.

IT IS SO ORDERED.

                                            */s/Donald C. Nugent*
                                            DONALD C. NUGENT
                                            United States District Judge

DATED: December 18, 2017